ALAN L. CHAPMAN AND ANOTHER v.
SALEM LUTHERAN CHURCH.

221 N. W. 2d 129.

August 9, 1974—No. 44596.

*Van Eps, Gilmore & Chantry* and *John H. Lewis,* for appellants.

PER CURIAM.

The action involved in this appeal is one for the return of $500 earnest money paid by plaintiff purchasers to defendant vendor to secure the purchase of a residential house and lot.

On April 17, 1972, the parties entered into an earnest money contract for the purchase of a home. The closing date, June 12, 1972, was carefully selected and agreed upon by the parties due to the fact that plaintiffs were expecting a child and they wanted the transaction completed on or before that date so as to be settled in the new home well in advance of the child's birth. As an additional condition, the earnest money contract provided:

"* * * Application for mortgage to be made immediately. In event the buyers cannot secure the above mortgage, this agreement shall become null and void and the earnest money paid herein shall be refunded."

The earnest money was paid and plaintiffs obtained a commitment from a savings and loan association to furnish the necessary mortgage. A registered property abstract dated May 5, 1972, was obtained by the association. The abstract disclosed that the owner's duplicate certificate of title had been lost and a new duplicate certificate would be necessary, a fact known by defendant prior to the execution of the earnest money contract. Proceedings were not instituted by defendant to obtain

a new duplicate certificate until May 26, 1972. The district court issued an order June 6 that a duplicate owner's certificate be issued.

The association sought title insurance to insure the amount of the loan as is customary for this type of transaction. The title insurance company properly concluded that the deed to plaintiffs should be in compliance with Minn. St. 315.12, which provides that, in the sale of real property by a religious corporation, "no * * * conveyance * * * shall be made by the trustees except when first authorized by resolution of such society adopted by a two-thirds vote of the members." Since the seller could not convey a marketable title to buyers until the sale was authorized in accordance with statute, the title insurance company would not provide a policy to the association until plaintiffs had a title to mortgage. On June 9, plaintiffs contacted the association and found there would be no closing on June 12 because defendant had not supplied "a copy of the notice and proceedings authorizing sale," as required by § 315.12. The requirements of the title insurance company were not met by defendant until June 23, 1972. Plaintiffs refused to go through with the transaction and demanded return of the earnest money. Thereafter, defendant terminated the earnest money contract as if it were a contract for deed.

The case was tried on an oral stipulation of facts and the testimony of three witnesses. The trial judge issued the following conclusions of law:

"1. That the mortgage company acted as agent for the purchaser in requiring the approval of the notice and proceedings by the Registrar of Titles.

"2. That such approval was not required to make the title marketable.

"3. That plaintiffs defaulted in the contract.

"4. That plaintiffs are not entitled to recover from the defendant and defendant is entitled to recover its costs and disbursements herein."

We believe the terms and conditions of the earnest money contract and the special conditions imposed by plaintiffs were not properly considered at the trial.

The act of the association, in reality the title insurance company, merely required that before the mortgage would be approved, marketable title had to be vested in plaintiffs. Defendant could not execute a valid deed to plaintiffs until the requirements of § 315.12 were met. There was nothing plaintiffs or the association could do to get defendant to execute the proper instruments to pass title. An essential condition of the earnest money contract was the procurement of a mortgage.

That the procurement of the mortgage was to be accomplished within the fixed time must be considered as a condition of the earnest money contract. The mortgage was not timely procured due to defendant's failure to provide the proper instruments. A provision of the earnest money contract voids the contract in the event plaintiff is unable to secure a mortgage and further provides that the earnest money be refunded.

The order appealed from is reversed and the trial court is directed to order entry of judgment providing that plaintiffs recover from defendant the sum of $500 with interest at the rate of 6 percent thereon from April 17, 1972, until paid.

Reversed.